Filed 1/22/26  Mulhearn v. ADR/Preferred Business Properties CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JESSICA MULHEARN, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> ADR/PREFERRED BUSINESS PROPERTIES et al., <br><br> Defendants and Respondents. | B346384 <br><br> (Los Angeles County <br> Super. Ct. No. 25CHCV00009) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary I. Micon, Judge.  Affirmed.

Jessica Mulhearn, in pro. per., for Plaintiff and Appellant.

Jay Woollacott; Raiskin & Revitz and Steven J. Revitz for Defendants and Respondents.

## INTRODUCTION

Plaintiff Jessica Mulhearn, in pro. per., appeals from the trial court's order granting defendants' motions to strike plaintiff's complaint pursuant to Code of Civil Procedure section 425.16, the anti-SLAPP statute. Plaintiff does not challenge the underlying merits of the anti-SLAPP motions. Instead, her sole contention on appeal is that defendants failed to properly serve her the moving papers. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was previously employed as an on-site resident manager of an apartment complex owned and managed by defendants Ozer-Zelzah Apartments and ADR/Preferred Business Properties (collectively, defendants). On March 7, 2022, plaintiff filed a lawsuit against defendants alleging wrongful termination and various California Fair Employment and Housing Act (FEHA)-based claims.

On August 23, 2022, the parties entered into a written settlement agreement. Under the agreement, plaintiff received a one-time payment of $170,000. The agreement also allowed plaintiff to remain in her apartment rent free for two years ending August 31, 2024, by which date she agreed to vacate the premises. In exchange, plaintiff agreed to dismiss her lawsuit against defendants with prejudice, with the superior court retaining jurisdiction to enforce the settlement agreement pursuant to Code of Civil Procedure section 664.6. The agreement required the parties to waive all known and unknown claims against each other. Plaintiff filed a notice of settlement on August 1, 2022, and a dismissal was entered on September 8, 2022.

2

On August 29, 2024, defendants emailed plaintiff with a rent statement seeking rent for September 2024 to be paid by September 1, 2024. Defendants did the same for October, November, and December 2024, and plaintiff remitted payment for each statement. On October 7, 2024, defendants moved to enforce the settlement agreement and for a ruling ordering plaintiff to vacate the premises. Plaintiff opposed the motion, seeking enforcement of the new landlord-tenant agreement or return of her rent payments. On November 22, 2024, the court granted the motion but also ordered defendants to return plaintiff's rental payments less attorney fees. The court entered judgment on December 3, 2024. No appeal was taken from the judgment.

On January 2, 2025, plaintiff filed a wrongful eviction case against defendants, asserting multiple causes of action. On January 31 and February 3, 2025, each defendant filed identical anti-SLAPP motions to strike plaintiff's complaint. Defendants' argued that plaintiff's complaint arose from protected activity (i.e. judicial enforcement of the settlement agreement). Additionally, defendants contended that plaintiff could not meet her burden to show a reasonable probability she could prevail on the merits. On February 11 and 13, 2025, plaintiff filed her opposition papers. On March 5, 2025, the trial court held a hearing and granted the motions.[1] Judgment of dismissal was entered against plaintiff on March 7, 2025.

Plaintiff timely appealed.

---

[1] There is no reporter's transcript of the hearing.

## DISCUSSION

### I. *Relevant Background*

Plaintiff, filing in pro. per., used the following address on her pleadings, including her complaint, "*5714* Zelzah Ave., #315, Encino, CA 91316." (Italics added.)[2] This address was used by defendants to serve by mail the moving papers for the anti-SLAPP motions. On February 7, 2025, counsel for defendants filed a supplemental declaration regarding service of the moving papers for the anti-SLAPP motions. Counsel declared that he learned plaintiff's listed address was not accurate, and the correct address was "*5417* Zelzah Ave., #315, Encino, CA 91316." (Italics added.) In light of this discovery, counsel served a second copy of the moving papers by personal delivery to the correct address on February 7, 2025. Attached to counsel's declaration was "Exhibit A," which listed all the relevant documents for defendants' motions to strike. The proof of service filed in the trial court stated that on February 7, 2025, plaintiff was personally served by messenger at "5417 Zelzah Ave., #315, Encino, CA 91316" with "[t]he documents listed on Exhibit A, attached." Again, Exhibit A listed all the relevant documents for defendants' anti-SLAPP motions.

In response, plaintiff filed nine sets of papers in opposition to the motions on February 11 and 13, 2025. All of plaintiff's filings continued to list the incorrect address, "5714 Zelzah Ave., #315, Encino, CA 91316." Defendants served their replies.

On February 27, 2025, plaintiff filed a "reply and opposition" to counsel for defendants' supplemental declaration regarding service of the moving papers. Plaintiff contended counsel's proof of service did not comply with Code of Civil Procedure section 1013, subdivision (a) because it failed to state

---

[2] Plaintiff does not dispute the listed address was incorrect.

4

the date of service. Moreover, counsel did not actually serve any of the documents listed in Exhibit A attached to the proof of service. Plaintiff explained that she had to retrieve all the documents directly from the superior court. As with her opposition papers, this pleading listed the incorrect address.

II. *Analysis*

Plaintiff argues that she was not properly served with defendants' anti-SLAPP motions.

Plaintiff as a self-represented litigant is not exempt from the rules of appellate procedure or relieved of her obligation to present intelligible argument supported by the record and applicable legal authority. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)[3] It appears plaintiff mainly contends that the supplemental declaration of defendants' counsel filed on February 7, 2025, was not properly served. First, plaintiff contends that the "date of service" on the proof of service was missing, deeming all of defendants' moving papers invalid and "inadmissible." That is not correct. The date of service (Feb. 7, 2025) was listed on the proof of service. Second, plaintiff argues the declarant in the proof of service did not specify the "method" of service. We disagree. The proof of service indicated the documents were personally served by messenger service on plaintiff at her correct address.

Lastly, plaintiff appears to argue that she was not served with the moving papers for the anti-SLAPP motions that were listed in "Exhibit A." Assuming (without deciding) plaintiff was not actually served with the

---

[3] To the extent plaintiff argues issues outside the scope of the appeal, we decline to address them.

moving papers on the anti-SLAPP motions, she has failed to demonstrate prejudice. "We presume the trial court's judgment is correct, and to overcome that presumption appellants must affirmatively establish prejudicial error by providing an adequate record, citing to the record, and presenting a persuasive argument with citations to supportive legal authorities. [Citations.]" (*LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070.) Plaintiff retrieved and opposed the anti-SLAPP motions within a few days of the date of service. The trial court reviewed and considered all of plaintiff's opposition papers in issuing its ruling granting the motions. Accordingly, we conclude the trial court did not err in granting defendants' anti-SLAPP motions.[4]

## DISPOSITION

The judgment is affirmed. Defendants are awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.

WE CONCUR:


COLLINS, J.                    TAMZARIAN, J.

---

[4] Plaintiff forfeited her challenge to the merits of the trial court's order granting the anti-SLAPP motions, both by failing to address the issue in her opening brief and by failing to adequately develop an argument in her reply brief. In light of the forfeiture, we deny defendants' request for judicial notice as irrelevant.